1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                         DISTRICT OF NEVADA

8                                    * * *
                                       )
9    CYNTHIA R. BECKMAN,               )
                                       )          03:06-CV-00689-LRH-RAM
10              Plaintiff,             )
                                       )
11   v.                                )
                                       )          ORDER
12   GORDON H. MANSFIELD, Acting Secretary )
     of Veterans Affairs,              )
13                                     )
                Defendant.             )
14   _____ )

15         Presently before the court is Defendant Gordon Mansfield's motion to dismiss (# 6[1]).

16   Plaintiff Cynthia Beckman has filed an opposition (# 7), to which Defendant has replied (# 8).

17   **I.    Factual Background**

18         This case arises out of the alleged discrimination and retaliation of Plaintiff by Plaintiff's

19   federal employer.  (Compl. (# 1) at 4-6.)  The Defendant is the Acting Secretary of Veterans Affairs

20   ("Defendant").  *Id.* at ¶ 2.  The complaint was filed on December 14, 2006.  *Id.* at 1.  A summons

21   was issued the following day.  (Summons (# 2).)  On March 5, 2007, Plaintiff filed the summons

22   with an affidavit of service.  (Summons (# 4).)  The attached affidavit was made by a Daniel F.

23   Portnoy ("Portnoy"), who attested that on February 21, 2007, service of process was effectuated on

24   R. James Nicholson through his "administrative assistant," authorized to accept service.  *Id.*  After

25   _____

26         [1] Refers to the court's docket number.

March 5, 2007, no other service of process has been filed with the court.

**II.     Legal Standard**

Federal Rules of Civil Procedure Rule 12(b)(5) provides insufficiency of service of process as a defense to a claim for relief. Where the plaintiff has failed to properly serve the defendant with process, the defendant may move for dismissal. Rule 4 dictates the procedures for sufficient service of process. Fed. R. Civ. P. 4(c)(1).

When a United States agency is a defendant to a law suit, Rule 4 provides that service must be effectuated on both the United States and the defendant agency. Fed. R. Civ. P. 4(i)(2). The United States is served by delivering a copy of the summons and complaint to the United States attorney, assistant United States attorney, or to an authorized clerk of the United States attorney's office. *Id.* (i)(1)(A)(i). As an alternative, the serving party may "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office." *Id.* at (i)(1)(A)(ii). However, regardless of which method the plaintiff chooses to use, the plaintiff must also send a copy of the summons and complaint, by registered or certified mail, to the Attorney General of the United States at Washington, D.C. *Id.* at (i)(1)(B). As the final requirement, the plaintiff must send a copy of the summons and complaint, by registered or certified mail, to the defendant agency. *Id.* at (i)(3).

In addition to serving the proper parties when effectuating sufficient service, the parties must also be served within the time prescribed by Rule 4(m). The Rule mandates that the plaintiff serve the defendant within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). If service is not effectuated within that time period, the court must dismiss the action or order that service be made within a specified time. *Id.* However, if the plaintiff "shows good cause for failure, the court must extend the time for service for an appropriate period." *Id.*

///

///

2

1    **III.    Discussion**

2         Defendant argues that because Plaintiff served the Acting Secretary of Veterans Affairs,

3    through his "administrative assistant," service of process has not been effectuated because the

4    Acting Secretary of Veterans Affairs is not a party enumerated in Federal Rule of Civil Procedure

5    Rule 4(i). (Def.'s Mot. to Dismiss (# 6) at 5.)  Plaintiff argues that a default judgment should be

6    entered because Defendant failed to respond to Plaintiff's complaint within sixty days.  (Pl.'s

7    Opp'n (# 7) at 2.)  Alternatively, Plaintiff requests leave to properly serve Defendant pursuant to

8    Rules 4(i)(2)(A) and 4(i)(2)(B).

9         The court finds Plaintiff's arguments are unsupported by the Federal Rules of Civil

10   Procedure.  Plaintiff argues she has properly effectuated service by personally delivering the

11   summons and complaint to R. James Nicholson's "administrative assistant" within the 120 days

12   allowed by Rule 4(m).  Specifically, Plaintiff argues she served Defendant in his individual

13   capacity in accordance with the Federal Rules of Civil Procedure.  (Pl.'s Opp'n (# 7) at 2-3.)

14   Alternatively, Plaintiff contends Rule 4(i)(3)(B) allows a reasonable time for the plaintiff to serve

15   process in order to cure any failure to serve.  (Pl.'s Opp'n (# 7) at 3.)  However, Plaintiff's

16   arguments are misplaced because Defendant is not being sued in his individual capacity.  (Compl.

17   (# 1).)  Rather, the complaint explicitly sets forth a claim against Defendant is his official capacity.

18   *Id.*

19        The Department of Veterans Affairs is an executive department of the United States.  38

20   U.S.C.A. § 301(a).  Rules 4(i)(1)(A) and 4(i)(1)(B) specifically state that when a United States

21   agency is a defendant to a law suit, service is only sufficient when the plaintiff serves the United

22   States attorney and the Attorney General of the United States at Washington, D.C.  Fed. R. Civ. P.

23   4(i)(1)(A), (B).  As indicated by Portnoy's affidavit of service, neither the United States attorney

24   nor the Attorney General were served.  Consequently, Plaintiff has failed to sufficiently serve

25   Defendant with process.

26

1    Plaintiff relies on Rule 12 in asserting a default judgment is warranted because Defendants

2  have yet to file a response motion to the complaint and the time to respond has elapsed.  However,

3  Rule 12(a)(2) provides that the sixty-day period begins to run after service on the United States

4  attorney–a requirement for suing a United States agency.  Fed. R. Civ. P. 12(a)(2) (prescribing the

5  time to serve a responsive pleading when the United States and its agencies, officers, or employees

6  are served in their official capacities); Fed. R. Civ. P. 4(i)(1)(A)(i).  And, since Plaintiff has not

7  properly served Defendant, the sixty-day tolling period has yet to commence.  Thus, Plaintiffs

8  request that a default judgment be entered will be denied.  Furthermore, Plaintiff has failed to

9  indicate good cause for failure to effectively serve Defendant.  Thus, Defendant's motion to dismiss

10  will be granted.

11    IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (# 6) is hereby

12  GRANTED.

13    The court clerk is directed to enter judgment accordingly.

14    IT IS SO ORDERED.

15    DATED this 27th day of March, 2008.

19  _____
    LARRY R. HICKS

20  UNITED STATES DISTRICT JUDGE

4